EXHIBIT "1"

RECEIVED
2016 FEB 19 AM 9:56
CITY CLERK, FRESNO CA

RECEIVED
CITY ATTORNEY
2016 FEB 19 AM 10:...
FILED
FEB 01 2016
FRESNO SUPERIOR COURT
By _____ DEP

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CITY OF FRESNO, OFFICER STEVEN GONZALES, OFFICER GEOFF TUSHNET, AND DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CESAR RODRIGUEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Fresno Superior Court
1100 Van Ness Avenue, Fresno, CA 93724-0002

CASE NUMBER:
*(Número del Caso):*
**16 CE CG 00311**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter H. Walker, III, Beau R. Burbidge, WALKER, HAMILTON & KOENIG, LLP, 50 Francisco Street, Suite 460, San Francisco, CA 94133; Tel: (415) 986-3339; Fax: (415) 986-1618

DATE: **FEB 01 2016**
*(Fecha)*

Clerk, by S. Lopez , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Fresno
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity 416.50
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit "1"    Page 5



Filed By Fax

Walter H. Walker, III (SBN 63117)
Beau R. Burbidge (SBN 267267)
WALKER, HAMILTON & KOENIG LLP
50 Francisco Street, Ste. 460
San Francisco, CA 94133
Telephone: (415) 986-3339
Facsimile: (415) 986-1618

Attorneys for Plaintiff CESAR RODRIGUEZ

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| CESAR RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, OFFICER STEVEN GONZALES; OFFICER GEOFF TUSHNET, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 16CECG00311<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>1. Violation of Bane Act (Cal. Civ. Code § 52.1);<br>2. Assault;<br>3. Battery;<br>4. Intentional Infliction of Emotional Distress;<br>5. Negligent Infliction of Emotional Distress;<br>6. False Arrest;<br>7. Trespass;<br>8. Negligence |

Plaintiff CESAR RODRIGUEZ complains against the above-named defendants, and each of them, as follows:

**PRELIMINARY ALLEGATIONS**

1. At all times herein mentioned, Defendant CITY OF FRESNO is and was a public entity organized and existing under the laws of the State of California. CITY OF FRESNO operates, manages, directs, controls, supervises, and employs members of the Fresno Police Department. Plaintiff was required to and did file a timely government tort claim against CITY OF FRESNO on October 28, 2014, pursuant to Government Code sections 910, *et seq*. CITY OF

1
COMPLAINT; DEMAND FOR JURY TRIAL

Exhibit "1"    Page 6

FRESNO rejected that claim on November 26, 2014. CITY OF FRESNO is liable for its actions alleged herein pursuant to Government Code section 815, and for the actions of its employees acting within the scope of their employment pursuant to Government Code section 815.2, among other statutes.

2. At all times herein mentioned, Defendants OFFICER STEVEN GONZALES ("Officer Gonzales") and OFFICER GEOFF TUSHNET ("Officer Tushnet") were police officers in the Fresno Police Department and employed by Defendant CITY OF FRESNO.

3. The true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and caused the injuries, loss and damages to Plaintiff as hereinafter alleged.

4. At all times herein mentioned, Defendants CITY OF FRESNO, OFFICER STEVEN GONZALES, OFFICER GEOFF TUSHNET, and DOES 1 through 20, inclusive, and each of them, (hereafter collectively referred to as "Defendants") were the agents, servants, and/or employees of each and the other, and were at all times acting within the course and scope of such agency, service, and/or employment, and acted as the actual or ostensible agent of each and the other.

5. The acts and omissions of Defendants, and each of them, as herein described, were low-level, ministerial, and/or operational decisions, and were not quasi-legislative policy-making acts or omissions. Therefore, the discretionary immunity provided by Government Code section 820.2 is inapplicable and does not protect these Defendants from liability.

**GENERAL ALLEGATIONS**

6. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

7. Plaintiff is a 43 year-old architect who operates his own architectural design and consulting group in Fresno. At the time of the incident described herein, Plaintiff lived at his

2
COMPLAINT; DEMAND FOR JURY TRIAL

Exhibit "1"    Page 7

home with his ex-wife and three children. Although he and his ex-wife were long divorced, they had been living together since 2011, when she was diagnosed with bone cancer and moved back in so that Plaintiff could assist her and better help with raising their children.

8. On the evening of April 30, 2014, Plaintiff became involved in a verbal argument with his ex-wife at his home. At one point in the argument, she called the police and reported that Plaintiff was making threats to evict her.

9. Officer Gonzales responded to the call, arriving at the house around 8:00 p.m. At that time, Plaintiff was no longer there.

10. Plaintiff's ex-wife reported that Plaintiff had pushed her while she was making the call to the police, but Officer Gonzales did not find any visible injuries reflecting that. Officer Gonzales did find a small faded bruise on her arm and she reported that it was a result of Plaintiff pushing her during an argument a week earlier. She also reported that no weapons were used in either of the incidents she described.

11. At Plaintiff's ex-wife's request, Officer Gonzales sought and received an emergency protective order ("EPO"). Officer Gonzales asked her where Plaintiff might have gone after the argument and she stated that he would be at his office. She gave Officer Gonzales a set of keys to the office building, explaining that she had been working there part time.

12. Although it was true that Plaintiff's ex-wife worked at Plaintiff's office, her work in the office was sporadic and she held no permanent position. Instead, she would do small jobs around the office such as she was able to while she recovered from cancer. Plaintiff is the sole owner of his business and he alone manages the business and controls his leased office. His ex-wife had no ownership, managerial, or other controlling role in the business or over the office premises.

13. Without any inquiry as to her authority to give consent, Officer Gonzales asked Plaintiff's ex-wife if the police could enter the office building and she said "yes." No warrant was obtained for Plaintiff's arrest or for entry into his office.

14. Officer Gonzales then drove to Plaintiff's office building, located at 4321 N. West Avenue in Fresno, to serve the EPO. He arrived at approximately 11:00 p.m. and was joined there

3
COMPLAINT; DEMAND FOR JURY TRIAL

by several other police officers, including Officer Tushnet, who arrived with a police German Shepard.

15. Officer Gonzales then called Plaintiff on the cell phone number provided by his ex-wife. He asked Plaintiff to come out of the office building and Plaintiff instructed him to call his attorney and provided his attorney's name.

16. Officers Gonzales and Tushnet then unlocked the door to the office building with the keys provided by Plaintiff's ex-wife and entered the office building. Officer Tushnet led his German Shepard into the office building with him.

17. After searching the open areas and finding nothing, Officers Gonzales and Tushnet went through an unlocked door to an individual office. They found a locked door in that office and, using the keys provided by Plaintiff's ex-wife, unlocked this door and loosed the German Shepard into the next room.

18. Plaintiff was in this room, lying down on his stomach in an unthreatening and vulnerable position. Plaintiff had gone there as a place to sleep rather than stay in his house with his ex-wife.

19. The German Shepard rushed into the room and immediately attacked Plaintiff, mauling him and biting into his left upper arm, causing severe puncture wounds. Plaintiff was then arrested and taken into custody.

20. Since the purpose of the police officers in going to Plaintiff's office was to serve him with an EPO, there was never any intent to arrest Plaintiff until after the police German Shepard attacked him and mangled his arm.

## FIRST CAUSE OF ACTION

**(Violation of Bane Act, Cal. Civ. Code § 52.1, against all Defendants)**

21. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

22. The Bane Act, California Civil Code section 52.1, allows anyone whose constitutional or statutory rights have been interfered with by threats, intimidation, or coercion to bring suit. A plaintiff bringing suit pursuant to the Bane Act need not allege that the defendants

4
COMPLAINT; DEMAND FOR JURY TRIAL

acted with discriminatory intent, so long as the defendants' acts were accompanied by the requisite threats, intimidation, or coercion. Where there has been an unlawful arrest and excessive force is applied in making the arrest, there has been coercion sufficient to constitute a violation of the Bane Act.

23. At the time of the attack, no warrant for Plaintiff's arrest had been issued, and no warrant to enter or search his office had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's locked office.

24. The warrantless entry by Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, into Plaintiff's office was an unreasonable search and seizure in violation of Plaintiff's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution.

25. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade arrest by flight. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

26. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

27. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

28. The use of a police dog to attack and injure Plaintiff was an unreasonable and excessive use of force in violation of Plaintiff's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution.

29. The arrest of Plaintiff by Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, was made without a warrant and without probable cause, in violation of the rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution.

30. Through the conduct alleged herein, Defendants, and each of them, interfered or attempted to interfere, through threats, intimidation, and/or coercion, with Plaintiff's rights secured under state and federal laws and under the state and federal Constitutions, including but not limited to Plaintiff's Fourth Amendment rights.

31. As a direct and proximate result of this conduct, Plaintiff was harmed and has sustained damages.

32. The conduct alleged herein entitles Plaintiff to recover his actual damages, civil penalties, attorneys' fees and costs, and other allowable damages pursuant to the provisions of the Bane Act.

33. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

34. CITY OF FRESNO is vicariously liable for the conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## SECOND CAUSE OF ACTION

**(Assault against all Defendants)**

35. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

36. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade

6
COMPLAINT; DEMAND FOR JURY TRIAL
Exhibit "1"    Page 11

arrest by flight. No warrant for his arrest had been issued, and no warrant to enter or search his office premises had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

37. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

38. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

39. Through the conduct alleged herein, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, intended to cause harmful and/or offensive contact with Plaintiff, and Plaintiff reasonably believed he was about to be touched in a harmful and/or offensive manner.

40. Through the conduct alleged herein, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, threatened to touch Plaintiff in a harmful and/or offensive manner and it reasonably appeared to Plaintiff that they were about to carry out that threat. Plaintiff did not consent to this conduct.

41. As a direct and proximate result of this conduct, Plaintiff was harmed and has sustained damages.

42. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

43. CITY OF FRESNO is vicariously liable for the conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

///

## THIRD CAUSE OF ACTION

### (Battery against all Defendants)

44. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

45. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade arrest by flight. No warrant for his arrest had been issued, and no warrant to enter or search his office premises had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

46. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

47. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

48. Through the conduct alleged herein, Officers Gonzales, Officer Tushnet, and DOES 1-20, and each of them, caused Plaintiff to be touched with the intent to harm and offend Plaintiff, and Plaintiff did not consent to this touching.

49. As a direct and proximate result of this conduct, Plaintiff was harmed and has sustained damages.

50. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officers Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

51. CITY OF FRESNO is vicariously liable for the conduct of Officers Gonzales,

Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against all Defendants)

52. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

53. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade arrest by flight. No warrant for his arrest had been issued, and no warrant to enter or search his office premises had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

54. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

55. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

56. The conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, as herein described, was outrageous and Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress by reason of such conduct.

57. Plaintiff has in fact suffered severe emotional distress and the conduct of Officer

9
COMPLAINT; DEMAND FOR JURY TRIAL

Gonzales, Officer Tushnet, and DOES 1-20, and each of them, as described herein, was a substantial factor in causing that emotional distress.

58. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

59. CITY OF FRESNO is vicariously liable for the conduct of Officers Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## FIFTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress against all Defendants)**

60. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

61. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade arrest by flight. No warrant for his arrest had been issued, and no warrant to enter or search his office premises had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

62. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

63. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

10
COMPLAINT; DEMAND FOR JURY TRIAL
Exhibit "1"    Page 15

64. The conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, as herein described, was negligent.

65. Plaintiff has in fact suffered severe emotional distress and the conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, as described herein, was a substantial factor in causing that emotional distress.

66. CITY OF FRESNO is vicariously liable for the conduct of Officers Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## SIXTH CAUSE OF ACTION

**(False Arrest against all Defendants)**

67. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

68. As more fully alleged herein, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, arrested Plaintiff and/or caused Plaintiff to be wrongfully arrested.

69. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, did not possess a valid warrant for Plaintiff's arrest. Nor did they have probable cause to arrest Plaintiff.

70. As a direct and proximate result of this conduct, Plaintiff was harmed and has sustained damages.

71. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

72. CITY OF FRESNO is vicariously liable for the conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

///

///

## SEVENTH CAUSE OF ACTION

### (Trespass against all Defendants)

73. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

74. As more fully alleged herein, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, intentionally entered Plaintiff's property.

75. Plaintiff did not give permission for that entry and, in fact, objected to it.

76. As a direct and proximate result of this conduct, Plaintiff was harmed and has sustained damages.

77. The conduct herein alleged was malicious and oppressive, entitling Plaintiff to an award of punitive and exemplary damages against Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

78. CITY OF FRESNO is vicariously liable for the conduct of Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## EIGHTH CAUSE OF ACTION

### (General Negligence against all Defendants)

79. Plaintiff refers to each and every paragraph of this complaint and incorporates said allegations by reference as though the same were herein fully set forth.

80. At the time of the attack, Plaintiff was lying on his stomach peacefully in his office. Plaintiff had no weapons in his possession and no weapons had been involved in his alleged crimes. In his private, locked, empty office, he posed no threat to his ex-wife, the police, or any other person. Plaintiff was not actively attempting to resist arrest nor was he attempting to evade arrest by flight. No warrant for his arrest had been issued, and no warrant to enter or search his office premises had been issued. Plaintiff, as the only person authorized to give permission to enter the office premises, gave no such permission to any of the Defendants. No exigent circumstances existed to justify Defendants' entry into Plaintiff's office, and they received no

12
COMPLAINT; DEMAND FOR JURY TRIAL

actual or apparent authority to enter the office. Nonetheless, Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, entered Plaintiff's office with a police dog.

81. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, were at all times in charge of and in control of the police dog that they brought into Plaintiff's office.

82. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, loosed the police dog on, and directed the police dog toward, Plaintiff, and the police dog attacked and injured Plaintiff as a result.

83. Officer Gonzales, Officer Tushnet, and DOES 1-20, and each of them, owed a duty of care to Plaintiff and breached that duty by conducting themselves in a negligent manner, as alleged herein.

84. As a direct and proximate result of the negligence alleged herein, Plaintiff has sustained damages.

85. CITY OF FRESNO is vicariously liable for the conduct of Officers Gonzales, Officer Tushnet, and DOES 1-20, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in a sum to be determined at the time of trial;
2. For general damages in a sum to be determined at the time of trial;
3. For punitive damages in an amount appropriate to punish or make an example of the Defendants, and each of them, except CITY OF FRESNO, in an amount according to proof;
4. For civil penalties;
5. For prejudgment interest;
6. For attorneys' fees;
7. For costs of suit incurred herein; and
8. For such other and further relief as the Court may deem just and proper.

DATED: January 29, 2016    WALKER, HAMILTON & KOENIG LLP

By: _____
    Walter H. Walker, III
    Beau R. Burbidge
    Attorneys for Plaintiff CESAR
    RODRIGUEZ

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein alleged.

DATED: January 29, 2016    WALKER, HAMILTON & KOENIG LLP

By: _____
    Walter H. Walker, III
    Beau R. Burbidge
    Attorneys for Plaintiff CESAR
    RODRIGUEZ

14
COMPLAINT; DEMAND FOR JURY TRIAL

Filed By Fax

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Walter H. Walker, III (SBN 63117), Beau R. Burbidge (SBN 267267)<br>WALKER, HAMILTON & KOENIG, LLP<br>50 Francisco Street, Suite 460, San Francisco, CA 94133 | | CM-010<br>**FILED**<br>FEB 01 2016<br>FRESNO SUPERIOR COURT<br>By_____ DEPUTY |
| TELEPHONE NO.: (415) 986-3339 FAX NO.: (415) 986-1618<br>ATTORNEY FOR (Name): Plaintiff Cesar Rodriguez | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno<br>STREET ADDRESS: 1100 Van Ness Avenue<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fresno, CA 93724-0002<br>BRANCH NAME: | | |
| CASE NAME: Cesar Rodriguez v. City of Fresno, et al. | | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 16 CE CG 00311 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): Bane Act, Assault, Battery, Intentional Infliction of Emotional Distress, Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 29, 2016

Beau R. Burbidge
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 1.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accessLaw.com

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>CIVIL DEPARTMENT, CENTRAL DIVISION<br>1130 O Street<br>Fresno, Ca 93722<br>559-457-1900 | FOR COURT USE ONLY<br><br>Filed<br>Fresno County<br><br>02/01/2016<br>By System |
|---|---|
| TITLE OF CASE:<br><br>**Cesar Rodriguez vs City of Fresno** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**16CECG00311** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Kristi Culver Kapetan** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference **on 06/06/2016 at 10:00 am in Room 104 located at 1130 O Street, Fresno, CA 93721**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **02/01/2016**       Clerk, by _____, Deputy
                                      S Lopez