**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CESAR RODRIGUEZ,** | **1:16-cv-268-LJO-SAB** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND (Doc. 6)** |
| **v.** | |
| **CITY OF FRESNO, et al.,** | |
| **Defendants.** | |

## I. INTRODUCTION

Defendants[1] timely removed this case from the Superior Court of California for the County of Fresno under 28 U.S.C. § 1441(a) on the basis that it presents a question of federal law. Doc. 1. Plaintiff Cesar Rodriguez moves to remand the case to that court, arguing that Defendants' removal was inappropriate because his case does not present a federal question and, accordingly, this Court lacks jurisdiction over the case. Doc. 6. The Court found the matter suitable for decision on the papers and took the matter under submission pursuant to Local Rule 230(g). *See* Doc. 9.

The Court agrees with Plaintiff. Accordingly, the Court GRANTS Plaintiff's motion to remand and REMANDS this case to the Superior Court of California for the County of Fresno.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-Officers Gonzales and Tushnet responded to a call reporting that Plaintiff and his ex-wife were involved in a verbal argument at their home. Doc. 1-1, Complaint ("Compl.") at ¶ 8. Plaintiff

---

[1] Defendants are the City of Fresno, Officer Steven Gonzales, and Officer Geoff Tushnet.

1

was not there when the Officers arrived. *Id.* at ¶ 9. Plaintiff's ex-wife asked for and received an

emergency protective order. *Id.* at ¶ 11. Plaintiff's ex-wife stated that she believed Plaintiff would be at

his office, so she gave the officers keys to the office building to search for Plaintiff. *Id.* at ¶ 11. The

Officers entered the building with a K-9, which they ultimately released on Plaintiff, causing him

injuries. *Id.* at ¶¶ 14-19. The Officers then arrested Plaintiff and took him into custody. *Id.* at ¶ 19.

Because of this incident, Plaintiff brought various claims against Defendants in state court,

including a claim against Defendants for their alleged violation of California Civil Code § 52.1 (aka "the

Bane Act"). Compl. at 4-6. Among other things, that claim alleges that:

- "The warrantless entry by [the] Officers . . . into Plaintiff's office was an unreasonable search and seizure in violation of Plaintiff's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution." *Id.* at ¶ 24.

- "The use of a police dog . . . was an unreasonable and excessive use of force in violation of Plaintiff's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution." *Id.* at ¶ 28.

- "The arrest of Plaintiff by [the] Officers . . . was made without a warrant and without probable cause, in violation of the rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution." *Id.* at ¶ 29.

- "Defendants . . . interfered or attempted to interfere . . . with Plaintiff's rights secured under state and federal laws and under the state and federal Constitutions, including but not limited to Plaintiff's Fourth Amendment rights." *Id.* at ¶ 30.

Defendants contend removal to this Court was proper because these allegations, asserting that

Defendants violated Plaintiff's Fourth Amendment rights, create a federal question that provides this

Court with jurisdiction over the case. *See* Doc. 7 at 4; *see also* Doc. 1 at ¶ 3. Plaintiff argues neither of

these allegations nor any others in the complaint provide a basis for federal jurisdiction. *See* Doc. 6-1 at

4. Plaintiff therefore moves to remand the case to state court. *Id.*

### III. <u>STANDARD OF DECISION</u>

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal

district court if the federal courts "would have original jurisdiction founded on a claim or right arising

1  under the Constitution, treaties, or laws of the United States[.]" The removal statute "is strictly construed

2  and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

3  instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations

4  omitted). A defendant seeking removal of an action to federal court has the burden of establishing the

5  grounds for federal jurisdiction. *California ex rel. Lockyer v. Dynegy*, 375 F.3d 831, 838 (9th Cir. 2004).

6  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

7  the case shall be remanded." 28 U.S.C. § 1447(c).

8        A district court's federal-question jurisdiction extends over "only those cases in which a well-

9  pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

10  right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax*

11  *Bd. of Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Thus, the "presence or

12  absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides

13  that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

14  properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations

15  and citations omitted); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 ("[W]hether

16  a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint.'"

17  (citation omitted)). To determine whether a state-law claim is removable, the Court asks: "does [the]

18  claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

19  may entertain without disturbing any congressionally approved balance of federal and state judicial

20  responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

## IV. <u>ANALYSIS</u>

21

22  A.      **The Court Lacks Jurisdiction.**

23        Defendants' removal is premised entirely on their assertion that Plaintiff's Bane Act claim

24  "arises under" federal law because the claim alleges that Defendants violated his Fourth Amendment

25  rights. *See* Doc. 7 at 2. The "mere presence of a federal issue in a state cause of action does not

1    automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. A claim "arises

2    under" federal law only if the "complaint establishes that (1) federal law creates the cause of action,"

3    which is not the case here, or if "(2) the plaintiff's right to relief necessarily depends on resolution of a

4    substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. Whether a claim "necessarily

5    depends" on a question of federal law turns on whether the complaint contains "allegations of federal

6    law that are essential to the establishment of the claim," *Lippit v. Raymond James Fin. Servs., Inc.*, 340

7    F.3d 1033, 1041 (9th Cir. 2003), or when "the vindication of a right under state law necessarily turn[s]

8    on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. "'Arising under' federal

9    jurisdiction only arises, then, when the federal law does more than just shape a court's interpretation of

10   state law; the federal law must be *at issue*." *Int'l Union of Operating Engineers v. Cty. of Plumas*, 559

11   F.3d 1041, 1045 (9th Cir. 2009) (emphasis in original). Accordingly, "when an alternative theory of

12   relief exists for each claim alleged in the complaint, one not dependent upon federal law, federal

13   question jurisdiction is defeated." *Id.* (citations and quotation marks omitted).

14        Plaintiff's Bane Act claim is not based exclusively on the assertion that Defendants violated his

15   Fourth Amendment rights. Plaintiff also alleges in the claim that Defendants violated his rights under

16   Article I, § 13 of the California constitution ("§ 13"). *See* Compl. at ¶¶ 24, 28, 29; *see also id.* at ¶ 30

17   (alleging Defendants violated Plaintiff's rights "under state and federal laws and under the state and

18   federal constitutions"). Because the claim "can be supported by alternative and independent theories—

19   one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction

20   does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys.,*

21   *Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Although Plaintiff's Bane Act claim could be resolved by a

22   Fourth Amendment analysis, the claim does not "necessarily turn" on a Fourth Amendment analysis—it

23   could be resolved exclusively by a § 13 analysis. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674-75

24   (9th Cir. 2012) (holding that allegations that defendants' misrepresentations violated both Nevada and

25   federal law did not create federal question jurisdiction).

4

The Court acknowledges that § 13 is "virtually identical" to the Fourth Amendment. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 n.7 (9th Cir. 2015). But Defendants make no attempt to explain whether and to what extent a § 13 analysis depends on a Fourth Amendment analysis, if at all. Thus, Defendants do not argue—and the Court cannot locate any authority suggesting—that the "arising under" analysis changes when a claim asserts a state law theory of relief that mirrors the claim's alternative federal law theory of relief. In fact, it appears the Ninth Circuit has rejected the suggestion. In *Rains*, 80 F.3d at 345-46, the court held that the plaintiff's "invocation of Title VII [of the federal Civil Rights Act of 1964] as a basis for establishing an element of a state law cause of action d[id] not confer federal question jurisdiction" because the plaintiff also relied on Article I, § 8 of the California Constitution, which prohibits the same kinds of discrimination as does Title VII. The court therefore held that "Title VII [was] not a 'necessary element' of the state law claim because state law independently espouses the same public policy established by Title VII." *Id.* at 345.

Likewise, § 13 provides the same protections as does the Fourth Amendment. *See Sanchez v. Cty. of San Diego*, 464 F.3d 916, 928-29 (9th Cir. 2006) ("[T]he right to be free from unreasonable searches under [Article I, Section 13] parallels the Fourth Amendment inquiry."); *Olvera v. City of Modesto*, 38 F. Supp. 3d 1162, 1180-81 (E.D. Cal. Aug. 6, 2014) (applying Fourth Amendment standards to plaintiff's excessive force claim under § 13); *Ingersoll v. Palmer*, 43 Cal.3d 1321, 1329 (1987) (holding that the "touchstone for all issues under the Fourth Amendment and [§ 13] is reasonableness"). That § 13 and the Fourth Amendment are similar, however, does not mean that Plaintiff's Bane Act claim necessarily creates a federal question. *See Rains*, 80 F.3d at 345-46; *Nevada* 672 F.3d at 675 (holding that claims based on state laws that borrow from or are predicated on federal law do not necessarily create federal question jurisdiction); *see also Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or . . . simply supports an element of a state claim.").

1    In sum, because "a state-law based theory of relief can be offered for each of the . . . causes of

2  action in the complaint . . . [,] the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at

3  1486.[2] The Court therefore REMANDS this case to state court.

4  B.   **Plaintiff's Fees and Costs.**

5    Plaintiff requests that the Court order Defendants to pay his fees and costs associated with his

6  motion to remand under 28 U.S.C. § 1447(c) ("§ 1447(c)"), which provides that "[a]n order remanding

7  the case may require payment of just costs and any actual expenses, including attorney fees, incurred as

8  a result of removal." Doc. 6-1 at 10. Plaintiff contends he is entitled to fees and costs because the case

9  law is "clear and developed"; Magistrate Judge Austin, citing "several cases," informed the parties that

10  he did not believe the Court had jurisdiction over this case and that it should be remanded; and counsel

11  for Plaintiff discussed the issue with counsel for Defendants, who insisted that removal was appropriate.

12  *See id.* The entirety of Defendants' argument in opposition is: "Given that removal is proper on the face

13  of Plaintiff's Complaint, Defendants will not address the unwarranted request for attorneys' fees." Doc.

14  7 at 5.

15    The Court has discretion to award fees under § 1447(c). *Jordan v. Nationstar Mortg., LLC*, 781

16  F.3d 1178, 1184 (9th Cir. 2015). "The standard for awarding fees [under § 1447(c)] should turn on the

17  reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133 (2005).

18  Accordingly, the Court may award fees under § 1447 "only where the removing party lacked an

19  objectively reasonable basis for seeking removal." *Id.* at 141. But, absent unusual circumstances, "when

20  an objectively reasonable basis [for removal] exists, fees should be denied." *Id.*

21    Neither the Supreme Court nor the Ninth Circuit has provided much guidance as to what

22  constitutes an "objectively reasonable" basis for removal. In *Martin*, however, the Supreme Court

23

24  ─────────────────────

25  [2] Because Defendants "failed to satisfy the first prong of the *Grable* test—that is, failed to show that [Plaintiff's] state-law claim *necessarily* raises a stated federal issue," the Court need not "address the remaining prongs." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 544 (5th Cir. 2012) (emphasis in original).

6

1   "approved . . . a Fifth Circuit decision that applied the objectively reasonable standard by examining the

2   clarity of the law at the time the notice of removal was filed." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th

3   Cir. 2007). A number of courts therefore have concluded that plaintiffs should be awarded attorneys'

4   fees and costs if a defendant's removal was not warranted under clearly established law. *See, e.g.*, *id.*;

5   *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011); *Powers v. Cottrell, Inc.*,

6   728 F.3d 509, 520 (6th Cir. 2013); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)

7   (holding defendants lacked an objectively reasonable basis to remove case based on clear statutory

8   language). By contrast, fees should be denied unless "the relevant case law clearly foreclosed the

9   defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir.

10   2008) (discussing with approval *Lott*, 492 F.3d 789).

11          Counsel for Defendants seemingly concluded that Plaintiff's allegations that Defendants violated

12   his Fourth Amendment rights were sufficient, without more, to provide this Court with jurisdiction.

13   Defendants' four-page opposition to Plaintiff's motion to remand suggests that counsel for Defendants

14   considered the issue to be straightforward and clear-cut, despite Plaintiff's citing numerous cases that

15   show the issue is more nuanced than counsel perceived it to be. Among other things, Plaintiff discussed

16   *Rains*, 80 F.3d at 347, and *Nevada*, 672 F.3d at 675, which should have led counsel to question seriously

17   Defendants' position that Plaintiff's Fourth Amendment allegations were sufficient to create federal

18   question jurisdiction, despite Plaintiff's § 13 allegations. *See, e.g.*, Doc. 6-1 at 7 (quoting *Nevada*, 672

19   F.3d at 675 ("When a claim can be supported by alternative and independent theories—one of which is a

20   state law theory and one of which is a federal law theory—federal question jurisdiction does not attach

21   because federal law is not a necessary element of the claim.").

22          Simply put, counsel should have reviewed the law more thoroughly before removing this case

23   and opposing Plaintiff's motion to remand. That review, coupled with Plaintiff's motion, would have (or

24   at least should have) shown that clearly established law foreclosed Defendants' removal. *See, e.g.*,

25   *Duncan*, 76 F.3d at 1486; *Rains*, 80 F.3d at 347; *Nevada*, 672 F.3d at 675; *Int'l Union*, 559 F.3d at 1045.

Plaintiff therefore is entitled to attorneys' fees under § 1447(c).

Plaintiff requested in his motion (*i.e.*, prior to the matter being fully briefed and the hearing vacated) that counsel be awarded at an hourly rate of $250.00 in attorneys' fees for counsel's spending 12.7 hours on the motion, 15 hours reading and responding to Defendants' opposition, and seven hours preparing for and traveling to and from the hearing on the motion, and one hour at the hearing. Plaintiff thus requests an attorneys' fees award of $6,925.00. Doc. 6-1 at 11.[3]

Counsel for Plaintiff recently was awarded an hourly rate of $250.00. *See Willis v. City of Fresno*, No. 1:09-cv-1766-BAM, 2014 WL 3563310, at *14 (E.D. Cal. July 14, 2014). The Court finds this rate appropriate and reasonable here. Plaintiff's requested hours, however, are unreasonable given that the barebones opposition and reply totaled approximately seven pages, and the hearing was vacated. *See* Docs. 7-9. The Court finds counsel for Plaintiff reasonably expended six hours on the matter for a total of $1,500.00.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court

1.    GRANTS Plaintiff's motion to remand this case to the Superior Court for the County of Fresno; and

2.    GRANTS Plaintiff's request under § 1447(c) for attorneys' fees and costs associated with his motion to remand. The Court AWARDS Plaintiff $1,500.00 in attorneys' fees for the total of six hours it should have taken.

IT IS SO ORDERED.

Dated:   **March 22, 2016**              ____**/s/ Lawrence J. O'Neill**____
                                          UNITED STATES DISTRICT JUDGE

---

[3] It is unclear how Plaintiff reached this total given that he requests compensation for 35.7 hours at a rate of $250.00 per hour, which totals $8,925.00.

8